NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| STEVEN A. RISTAU, | ) | No. C 07-5489 JF (PR) |
| | ) | |
| Petitioner, | ) | ORDER OF DISMISSAL WITH |
| | ) | LEAVE TO AMEND; DENYING |
| vs. | ) | PETITIONER'S REQUEST FOR |
| | ) | RULING AND FOR |
| | ) | APPOINTMENT OF COUNSEL |
| STATE OF CALIFORNIA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | (Docket No. 3) |

Petitioner seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has paid the filing fee. Petitioner also filed a request for ruling and for appointment of counsel. The Court will DENY Petitioner's request for ruling and for appointment of counsel (docket no. 3) without prejudice. The Court concludes that several of Petitioner's claims are not cognizable under § 2254 and will DISMISS the instant petition with leave to amend.

**BACKGROUND**

A Santa Clara Superior Court jury convicted Petitioner of fraud in connection with the sale of securities, the sale of unqualified securities, and state tax violations. On December 4, 2002, Petitioner was sentenced to a term of eleven years in state prison.

On direct appeal, the California Court of Appeal initially remanded the case to the trial court for further proceedings. After remand, the Court of Appeal affirmed Petitioner's conviction. After the judgment was vacated and remanded by the California Supreme Court and the United States Supreme Court, the Court of Appeal reduced Petitioner's sentence by two years. Petitioner was released from prison on September 14, 2007. The instant petition was filed on October 29, 2007.

## DISCUSSION

**A.     The Merits**

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (quoting Blackledge v. Allison, 431 U.S. 63, 75-76 (1977)).

The Court concludes that several of Petitioner's claims are not cognizable under § 2254. A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982)), cert. denied, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle, 456 U.S. at 119.

In the instant petition, claims one through sixteen concern "accusations" where Petitioner refutes specific facts from the state criminal record. Petition at 8-60. Petitioner does not explain whether these accusations are separate grounds for relief in the petition. Nor has Petitioner shown how these accusations violated a federal law, treaty, or the constitution.

Additionally, Petitioner has not shown that these accusations, and the alleged federal violation for these claims, were presented to the state supreme court prior to filing this federal habeas action. Federal habeas petitioners are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981); McNeeley v. Arave, 842 F.2d 230, 231 (9th Cir. 1988). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process"). Therefore, Petitioner cannot present claims to this Court which he has not first raised in the highest state court available, the Supreme Court of California, usually by direct appeal or by way of a state habeas petition.

The Court notes that the instant petition is not on the Court's habeas form. The Court cannot fairly evaluate the petition in its present state. Accordingly, the Court will dismiss the instant petition with leave to amend and allow Petitioner an opportunity to file an amended petition to include his cognizable claims and to explain whether he has exhausted the federal basis for his claims in the state courts prior to filing the petition. The Court DISMISSES the instant petition with leave to amend in order for Petitioner to correct these deficiencies.

///
///
///

**B.        Petitioner's Request for Ruling and for Appointment of Counsel**

Petitioner moves the Court for a ruling and for an order to show cause. Petitioner also requests that the Court appoint counsel in this habeas action. However, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). 18 U.S.C. § 3006A(a)(2)(B) authorizes appointment of counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation." The decision to appoint counsel is within the discretion of the district court. See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986), cert. denied, 481 U.S. 1023 (1987); Knaubert, 791 F.2d at 728; Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S. 838 (1984).

The Court concludes that appointment of counsel is not necessary at this time. The Court has dismissed the instant petition with leave to amend because several of the claims are not cognizable under § 2254. When Petitioner has filed an amended petition the Court will review the claims to determine whether an order to show cause is appropriate. Additionally, no evidentiary hearing is necessary at this time. The Court will DENY Petitioner's request for ruling and for appointment of counsel (docket no. 3) without prejudice.

## CONCLUSION

1.        Petitioner's request for ruling and for appointment of counsel (docket no. 3) is DENIED without prejudice.

2.        The instant petition is DISMISSED with leave to amend **within thirty (30) days** from the date of this order. The amended petition must include the caption and civil case number used in this order (C 07-5489 JF (PR)) and the words "AMENDED PETITION" on the first page. The amended petition shall be on the Court's form for habeas petitions, **a copy of which is enclosed with Petitioner's copy of this order.** Because an amended petition completely replaces the original petition, Petitioner must include in it all the claims he wishes to present. Ferdik v. Bonzelet, 963 F.2d 1258, 1262

1  (9th Cir.), cert. denied, 113 S. Ct. 321 (1992).  Petitioner must file all supporting
2  documents he wishes to include with the amended petition.  Petitioner shall allege a
3  specific federal law or constitutional violations in his claims and briefly state any
4  supporting facts in his grounds for relief.  **Failure to file an amended petition will**
5  **result in the Court proceeding with the cognizable claims (claims 17-25) and**
6  **dismissing the remaining claims without prejudice pursuant to 28 U.S.C. § 2254.**
7       3.   It is Petitioner's responsibility to prosecute this case.  Petitioner must keep
8  the Court informed of any change of address and must comply with the Court's orders in
9  a timely fashion.  Failure to do so may result in the dismissal of this action for failure to
10 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     IT IS SO ORDERED.

Dated:  4/8/08

_____
JEREMY FOGEL
United States District Judge